[No. 4119.]

## FAIRPLAY HYDRAULIC MINING. CO. V. WESTON.

|  |  |
|---|---|
| 29 | 125 |
| 37 | 192 |

WATER RIGHTS—POLLUTION—LICENSE—INJUNCTION.

Defendant acquired a water right by appropriation to the use of placer mining. Subsequently plaintiff's grantor entered upon the placer ground of defendant and constructed a ditch below the flume and dump of the placer mine, into which the water after its use by defendant but before it returned to the stream was turned and appropriated to the use of irrigation. Defendant acquiesced in the action of plaintiff's grantor in appropriating the water but with the understanding and stipulation that he should never assert any legal right thereto· and that his use of the water should not interfere with the operation of the placer. *Held,*—That plaintiff and his grantor were mere licensees and acquired no such rights to the use of the water as would sustain an injunction against defendant to prevent the pollution of the water by turning the water of another creek into the placer ditch and using it in the placer mining.

*Appeal from the District Court of Park County.*

The action prosecuted by appellee, as plaintiff, was to enjoin appellant as defendant, from so polluting the water of Beaver Creek, claimed by plaintiff for the purposes of irrigation, as to render it unfit for that use, or thereby injure the ditch through which such water was conducted. Plaintiff obtained a judgment requiring the defendant to permit the water claimed by him to pass to the headgate of this ditch in good and suitable condition for irrigation purposes, and enjoining it from doing or permitting any act to the contrary which would result in injury to the ditch, or materially impair the quality of the water for irrigation purposes. From this judgment the defendant brings the case here for review on appeal. The material facts and testimony appear in the opinion.

Mr. OSCAR REUTER, and Mr. AUGUST PEASE, for appellant.

Mr. CHARLES A. WILKIN, for appellee.

Mr. JUSTICE GABBERT delivered the opinion of the court.

Defendant is the owner of an appropriation of the waters of Beaver creek for placer mining purposes, which antidates the initiation of any rights to which plaintiff has succeeded to the use of water from that source. In 1882 the party through whom plaintiff derives title to the appropriation under which he claims, entered upon the placer ground of the grantors of appellant on which the waters of the stream were then being used for placer mining purposes, and without the knowledge or consent of the then owners of such ground, constructed a ditch which diverted water after it passed through the placer flumes and over the placer dump, but before it returned to the channel of the creek. While this action appears to have been acquiesced in by the then owners, there is evidence directly to the effect that the parties so taking the water should never assert a legal claim or right thereto, nor should his use of such water interfere with the operation of the placer. There is no testimony to the contrary. The most that can be claimed on the part of plaintiff is, that the owners of the placer acquiesced in the construction of the ditch and the diversion of water after it had been used for placer purpos s. The original headgate of the ditch was immediately below the placer dump. It was maintained there for several years, and then moved several hundred feet northeasterly. This change was occasioned by a change in

the place of placer washing, which prevented the water from passing down where it did when the ditch was first constructed. In 1891 the parties interested in the placer completed a ditch by means of which a large volume of water was turned into Beaver from Mosquito creek. This additional water was used in placer mining. This, it is claimed on the part of plaintiff, so fouls the water at the point where he diverts the flow through his ditch as to render it unfit for the purposes of irrigation. It is also claimed on his behalf that prior to the diversion of water from Mosquito creek the water which he was wont to divert was not so polluted. It may be conceded, for the purpose of this case, that such is the fact.

The theory of the complaint is that the grantor of plaintiff made a valid appropriation of the waters of Beaver creek without any limitation whatever, upon the rights so claimed to have been acquired. The trial court so found and concluded, and upon this theory redered the judgment of which appellant complains. Whether or not the judgment given is correct, if the claim of plaintiff had been established, is not a question which we are required to determine. Without attempting to indicate what rights are vested in him to the use of the water of the stream for the purposes of irrigation, we shall base our decision solely on the one question of whether or not, in the circumstances of this case, plaintiff is entitled to the relief demanded. For the purposes of this case the very most that can be claimed on behalf of plaintiff is, that he is the licensee of appellant. The right of his grantor who initiated a use of the water which he now claims the appellant has wrongfully fouled, was to water which the predecessors of appellant had first

used for placer mining purposes but before it reached the channel of the stream.  He took the water after thus applied by constructing a ditch upon the mining premises.  The then owners of these premises and the‹parties then lawfully using the water for mining purposes, as well as appellant, acquiesced in these acts.  This does not impose upon appellant any such obligation as plaintiff now seeks to burden it with.  It was patent to the grantor of plaintiff that the water he sought to divert was liable to be fouled when utilized for the purpose for which it had been appropriated, and that any structures which he would erect below the placer dumps to divert such water might be injured, or even rendered useless by the same means.  Mere acquiescence on the part of the placer owners in these acts imposed upon them no obligation to continue to flow water in a given place, or of a given quality or quantity, for the use of plaintiff or his grantor.  Appellee has only succeeded to the rights of a bare licensee, and whatever they may be, he can only exercise them subject to those existing in the appellant to the use of the water and premises for the purposes for which they were appropriated, and subject to the results naturally caused by such use.  A bare licensee goes upon premises at his own risk, must take them as he finds them, and accepts the permission thus granted with its concomitant conditions and·perils.  *Redigan v. Boston & M. R. Co.*, 155 Mass. 44; 31 Am. St. Rep. 520.

A license of the character under consideration will be strictly construed.  *Carleton v. Redington*, 21 N. H. 291.

It is also proper to consider the circumstances in which such a license was given if a doubt arises as to the rights of the parties thereunder. · *Brown v.*

*Brown,* 30 N. Y. 519.

In the absence of testimony it will not be presumed that the grantors of the defendant ever intended to vest a right in a licensee of that scope which, if asserted, would be practically destructive of their own estate.   In addition, we have the undisputed testimony of the party who discussed the situation with the grantor of plaintiff, to the effect that the permission granted to take the water from below the placer dump was upon condition that it should not ripen into a right, or the use of such water interfere with the operation of the placer.

The judgment of the district court is reversed and the cause remanded, with directions to enter judgment that plaintiff take nothing as prayed in his complaint, and dismiss the action.

*Judgment reversed.*