[No. 6484.]

THE GREEN VALLEY DITCH COMPANY ET AL. V. SCHNEIDER.

1. **Water Rights—Waste Water—Appropriation of—Effect—** One who has appropriated the waste waters of the ditch of another is not thereby vested with control of such ditch, or the laterals thereof; nor is the owner of such ditch obligated to main-

tain existing conditions, so as to supply the appropriation of waste water at any time, or in any volume.—(609, 610)

But the owner of the ditch may not willfully and maliciously discharge water upon other lands, so as to prevent the flow of what exceeds his requirements, to the appropriator of the waste. —(610)

2. Appeals—Partial Error—Modification—Where the record exhibited error in part, the court below was directed to modify its decree, in this respect, and it was ordered that, as thus modified, it should stand affirmed.—(610)

*Appeal from Denver District Court* — Hon. HARRY C. RIDDLE, Judge.

Mr. JOHN W. HELBIG for appellants.

No appearance for appellee.

Questions growing out of controversies between these parties, or some of them, have twice been before this court for determination.—*Schneider v. Schneider*, 36 Colo. 518; *Tegeler v. Schneider*, 49 Colo. 574. According to the findings and decree of the trial court, appellee commenced an action against some of the appellants to establish a right in a ditch, or ditches, controlled by the latter, and to the water conducted through such conduits, and also to establish her right to certain waste water. Later other defendants were brought in. All these parties filed a cross-complaint, the purpose of which was to fully settle the rights of the parties growing out of the subject-matter of controversy. It was charged in the complaint that the defendants had willfully wasted the water flowing through the lateral ditch which supplied the waste water to which plaintiff claimed to be entitled by turning the water out of such lateral on to vacant lands. The issues involved were found in favor of appellants, except that plaintiff was entitled to the waste water from a ditch known as the Tegeler lateral; and also that she was the owner of a ditch, designated as the Schneider

ditch, and the right of way therefor approximately twenty feet in length and two feet in width, which was utilized by her to conserve the waste waters discharged from the Tegeler lateral, which appears to be connected with what is known as the Epperson ditch. This is the waste water involved.

On the subject of waste by the defendants in turning the water out of the Tegeler lateral, the court found: "That the defendant, Charles F. W. Tegeler, has willfully and permissively wasted water from said Tegeler lateral, so as to prevent the same from flowing down to the said Schneider ditch."

The court further found (quoting from the decree):

"7. That the defendants and cross-complainants are not, nor is any of them, under any duty to cause any specific quantity of water to be discharged into the said Schneider ditch, but she is entitled to all the waste water (to the extent of her beneficial application and user), be it much or little, by reason of her appropriation of the same at the point of terminus of said Tegeler lateral where the same empties into her said ditch.

"8. That the defendants and cross-complainants shall at no time interfere with the flow of the water through the division box from the aforesaid extension of the said main Epperson ditch, at the division box of said Tegeler lateral, and shall at no time interfere with the said division box or the water flowing through the same, so as to interrupt or interfere with the free and unrestrained and unobstructed flow of water through the said division box, except when the same may become imperative for the purpose of making proper and necessary repairs to said Tegeler lateral ditch or division box.

"9. That the said Emma M. Schneider is not only entitled to the free and unobstructed use of the

waste water as the same shall be discharged into her said ditch at the terminus of the said Tegeler lateral, but by reason of her said appropriation thereof, at said point of connection with her said ditch, is entitled to have the waste water which would come to her said ditch under all normal conditions flow down to her said ditch, and said defendants and cross-complainants, or any of them, shall not restrain the flow of such waste water at any point along the line of said Tegeler lateral or by shutting it off from the said Tegeler lateral at its junction with the main Epperson ditch at the division box aforesaid, or by any other act cut off or divert such waste water from her said ditch for the purpose of depriving her of the use of such waste water as would come to her said land from the said main Epperson ditch through said Tegeler lateral, without some affirmative act on their part to restrain the use of such waste water by said Emma M. Schneider, for the purpose of depriving her of the use thereof.''

The decree then provides that the defendants and cross-complainants are "restrained and forever enjoined from depriving her of the waste water or any part thereof within the limits of her rights thereto as hereinbefore found in her favor by the court.''

The defendants and cross-complainants have brought the case here for review by appeal.

Mr. JUSTICE GABBERT delivered the opinion of the court:

Plaintiff's rights were limited and only attached to the water discharged from the Tegeler lateral, whatever that happened to be, after the defendants and cross-complainants had supplied their own wants and necessities. This does not vest her with any control over the ditches or laterals of appellants,

or the water flowing therein, nor does it obligate appellants to continue or maintain conditions so as to supply plaintiff's appropriation of waste water at any time or in any quantity, when acting in good faith.—*Mabee v. Platte Land Co.,* 17 Col. App. 476; *The Fairplay Hy. M. Co. v. Weston,* 29 Colo. 125.

The decree of the trial court seems in some respects to impose upon the appellants such an obligation, without regard to their good faith. This is erroneous. The case is remanded to the district court with directions to modify its decree in accordance with the views herein expressed, and as thus modified, it will stand affirmed.

In view of the charge in the complaint of the willful waste of water by the defendants and the express finding of the court that appellant Tegeler had been guilty of such conduct, we deem it proper to state that defendants cannot willfully and maliciously discharge water as waste, and then invoke the protection of the law as above declared. This is a proper matter for the court to consider, and make provision for, in modifying the decree.

*Modified and affirmed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.