## No. 10,941.

## MANNEY v. McCLURE, EXECUTOR, ET AL.

Decided February 2, 1925.

Action to enjoin interference with use of irrigation water. Judgment for plaintiffs.

*Affirmed.*

1. WATER RIGHTS—*Injunction.* Claim by a defendant that he had a right adverse to plaintiffs, to use some of their water, and unless restrained would do so, held sufficient ground upon which to base an application for an injunction.

2. PLEADING—*Demurrer—Motion to Strike.* Plea of statute of limitations in an amended answer held properly stricken where a demurrer to pleas substantially identical had already been sustained.

3. APPEAL AND ERROR—*Pleading—Amendment—Waiver.* No error can be assigned to the sustaining of a demurrer to an answer, where an amendment is filed, the error, if any, being thereby waived.

4. JUDGMENT—*Findings—Inconsistent.* Findings and decree reviewed, and the contention that there is a variance between the findings announced by the court at the trial and the formal findings and decree thereafter entered, overruled.

5. EVIDENCE—*Admitted Facts.* Evidence of facts which are conceded by the opposing party, is rightly rejected.

*Error to the District Court of Ouray County, Hon. Thomas J. Black, Judge.*

Mr. JOHN L. STIVERS, Mr. PAUL L. LITTLER, for plaintiff in error.

Mr. CARL J. SIGFRID, for defendants in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendants in error were plaintiffs below and had a decree against Manney for a permanent injunction forbidding the defendant to interfere with the use by plaintiffs of 7 second feet of water from Leopard creek belonging to them. The decree found and further decreed that the plaintiffs were the owners of 7 second feet in the Leopard creek ditch, and that the defendant had a right to convey through that ditch, 1½ second feet to his lands for irrigation. The defendant thereupon brings error.

The complaint alleges that in 1877 the plaintiffs and their grantors constructed the Leopard creek ditch and appropriated water through it from Leopard creek; that in 1880 the plaintiffs and their grantors constructed the Burkhardt-Eddy ditch and appropriated water through it from the West fork of Dallas creek; that in 1897 the adjudication decree of the district awarded a priority to

the plaintiffs of 13 second feet from the West fork of Dallas creek and 7½ second feet from Leopard creek. That the defendant was wrongfully diverting water from these creeks to the diminution of the water right of plaintiffs, against which they ask for an injunction.

The defendant pleads six defenses, the substance of which is that in 1885, Douglas, of whose will the defendant in error, H. McClure, is executor, in consideration of work by Manney enlarging the Burkhardt-Eddy ditch, orally gave to Manney a water-right in the Leopard creek ditch "sufficient to irrigate approximately 69 acres of land, or 1½ cubic feet of water per second of time." That another consideration for said grant was that by virtue of his work upon the Burkhardt-Eddy ditch, Manney obtained a water right therein which, by agreement with Douglas, he was permitted to exercise through the Leopard creek ditch. Water from the West fork of Dallas creek, through a ditch known as the Von Hagen Dallas ditch, is turned into the Leopard creek ditch above the place where any is taken out of the latter for irrigation.

Defendant, alleging open adverse possession and payment of taxes for about forty years, claims the benefit of laches, twenty years statute of limitations and the seven years statute of limitations.

The court found that defendant had no rights in or to the 7 second feet of plaintiffs in the Leopard ditch and decreed accordingly as above stated. As to the use of the ditch to carry water, however, if any he has to carry in it, the court finds "That the defendant has used the Leopard creek ditch to convey 1½ cubic feet of water per second of time to his lands for more than twenty years and is entitled to and now holds the right to so convey through said ditch said amount of water to his lands."

Plaintiff in error claims that no invasion of plaintiff's rights was shown, but the court below rightly answered that he was now claiming a right adverse to them, to use some of their water and unless enjoined would use it. This amounted to a threatened wrong and was enough.

The court struck out the defendant's pleas of the statute of limitations in the amended answer, and he assigns error on this point. Plaintiffs say that they were rightly stricken because demurrers to previous pleas in substance identical had already been sustained. The reason is sound and there was no error, in striking these pleas (*Enright v. Midland Co.*, 33 Colo. 341, 80 Pac. 1041), and since the amendment waived the demurrer, there could be no error assigned on the sustaining of the demurrer itself. *Enright v. Midland Co., supra.* We do not find elsewhere in the record that defendant raised the question again.

It is claimed that defendant's evidence of a contract with Douglas was undisputed and that the finding and decree are in conflict therewith. We do not think the defendant's evidence is undisputed. Certainly the conclusions defendants seek to draw from it are strongly controverted by plaintiff's evidence. We cannot say the court's conclusions were wrong. Indeed defendant's own testimony, which we have read from the transcript, justifies the decree.

It is claimed that the decree and the findings of the court therein, which was signed some days after the trial, are at variance with the findings as announced by the court at the trial. At the trial the court said: "There will be a finding for a long time last past he has used, beneficially, through this ditch, one and one-half feet per second of time, and that he has the right to continue to use it, subject to the enjoyment of their priority of seven cubic feet per second of time."

The formal finding, in the decree, on this point is as follows: "Third, That said defendant has used the said Leopard creek ditch, in the complaint described, to carry and convey one and one-half (1½) cubic feet of water per second of time, to and upon his lands for the irrigation thereof, for more than twenty (20) years last past, and by virtue thereof has acquired, is entitled to and now holds the right to so carry and convey through said Leopard creek ditch one and one-half (1½) cubic feet of water

per second of time to and upon his said lands for the irrigation thereof."

The decree says: "That defendant is entitled to and now holds the right to carry and convey, through said Leopard creek ditch, one and one-half (1½) cubic feet of water per second of time, to and upon the land of defendant for the irrigation thereof;"

We see no substantial difference between these three statements. The informal statement at the trial might be, but is not necessarily to be construed, as adjudging to defendant a water right out of Leopard creek. It may with equal accuracy be said to award a mere right to carry water as does the decree.

The evidence of certain witnesses in the adjudication of priorities was offered by defendant to show his appropriation through the Burkhardt-Eddy ditch. It was rightly rejected because his water right in that ditch was conceded. He was allowed to give evidence of his arrangement with Douglas in regard to it and to the Leopard creek ditch.

Judgment affirmed.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE WHITFORD concur.