No. 14,886.

LOMAS, EXECUTRIX *v.* WEBSTER.

(122 P. [2d] 248)

Decided February 2, 1942.

108

Mr. CLAY R. APPLE, for plaintiff in error.

Mr. L. R. TEMPLE, Mr. ALBERT P. FISCHER, for defendant in error.

*In Department.*

MR. JUSTICE KNOUS delivered the opinion of the court.

THE alignment of the parties to this action is the same here as in the trial court and for convenience we shall

refer to plaintiff in error as plaintiff and to defendant in error as defendant. The plaintiff, alleging a usufructuary right to certain seepage waters by appropriation and adverse use, sought injunctive relief in the district court against defendant, who, it was said, by an excavation and construction of a dam in the area of the origin of plaintiff's ditch, had cut off plaintiff's water supply. Upon trial, and at the conclusion of the presentation of plaintiff's evidence, the court sustained defendant's motion for a dismissal of the suit. Plaintiff prosecutes this proceeding in error to review the judgment which thereupon was entered. The motion for dismissal was grounded in general terms on the insufficiency of plaintiff's pleadings and evidence to entitle her to any relief whatsoever. The court sustained the motion without comment; hence, we have no intimation from the record concerning the specific basis for the conclusion announced.

The seepage water involved, in the language of the complaint, "percolates, collects and arises in a draw or depression" located upon premises owned by defendant and his predecessors. It appears from the evidence, as plaintiff admits in argument, that no natural stream flows through this draw or that any of the waters arising therein ever reach a natural stream. Plaintiff's appropriation of such waters was alleged to have been made by the construction of a ditch by her testator which conveyed the accumulated waters to his adjoining premises—which he occupied until his death in 1939 —where such waters were applied to a beneficial use. As was alleged and proved, plaintiff's testator, on December 16, 1901, filed a statement of claim for said water with the clerk and recorder of Weld county, wherein it was recited that the ditch, as therein described, "had been constructed and used for several years last past." Plaintiff, on the information and belief arising from this recital, alleged that the appropriation was made "prior to the year 1901." Her evidence dis-

closed a continuous and uninterrupted use of the water conveyed through the ditch from 1914 until the spring of 1940 when defendant, as he admitted on statutory cross-examination, excavated "a considerable sump across the swale" in which he erected a power pump and thereby secured sufficient water to irrigate some ten or fifteen acres of his farm lands. Plaintiff concedes that this excavation was on defendant's land several hundred feet up the draw from the head of her ditch. Her evidence further disclosed that following the excavation of the sump by defendant no water has flowed in her ditch and the swampy area in which it heads has dried up. Plaintiff bases her appropriation of this seepage water on section 20, chapter 90, '35 C.S.A., which reads as follows: "All ditches now constructed or hereafter to be constructed for the purpose of utilizing the waste, seepage or spring waters of the state, shall be governed by the same laws relating to priority of right as those ditches constructed for the purpose of utilizing the water of running streams; *provided, that the person upon whose lands the seepage or spring waters first arise, shall have the prior right to such waters if capable of being used upon his lands.*" We have uniformly held that *as to such waters, which are not tributary to a natural stream,* the foregoing proviso means exactly what its words import. *Colorado and Utah Coal Co. v. Walter,* 75 Colo. 489, 226 Pac. 864; *Haver v. Matonock,* 79 Colo. 194, 244 Pac. 914; *Faden v. Hubbell,* 93 Colo. 358, 28 P. (2d) 247. It is only when such *seepage water would ultimately reach and become part of a natural stream* that an appropriator thereof can acquire a right to the use of such superior to that of the owner of the land. This distinction is clearly set out in the opinion on rehearing in *Nevius v. Smith,* 86 Colo. 178, 279 Pac. 44. See, also, *Clark v. Ashley,* 34 Colo. 285, 82 Pac. 588. The waters in controversy in *Town of Sterling v. Pawnee D. & E. Co.,* 42 Colo. 421, 94 Pac. 339, and *Olney Springs Drainage District v. Aukland,* 83 Colo. 510, 267

Pac. 605, came within the latter category.

Since, as we have mentioned, the seepage water which plaintiff claims to have diverted if left to itself would never have reached a natural stream, it is certain, in the light of the above authorities, that, in the first instance, any appropriation of the water which plaintiff's testator might have made was subject to the superior right of the owner of the land on which the same arose to apply such waters to a beneficial use on his premises. The circumstance that in *Ironstone Ditch Co. v. Ashenfelter,* 57 Colo. 31, 140 Pac. 177, and *Nicoloff v. Bloom L. & C. Co.,* 100 Colo. 137, 66 P. (2d) 333, cited by plaintiff, the contest over seepage waters was not between the owner of the land on which such arose and an outside appropriator, renders both cases inapplicable to the point here under discussion. Thus, under the issues here raised, if the plaintiff has a right to the use of these waters superior to the defendant landowner, it must arise from the adverse possession alleged. It is well established that individuals in whom a prior right to the use of water is vested may lose such right by acquiescence in an adverse use thereof by another continued uninterruptedly for the statutory period. *Clark v. Ashley, supra.* In the latter case the litigation was between an appropriator from the stream and a land owner on whose premises the springs tributary to such streams arose. The statute there considered was the general twenty-year limitation statute. Section 6418, C.L. 1921. In *Manney v. McClure,* 76 Colo. 539, 233 Pac. 158, twenty years' adverse use was taken as the criterion of the prescriptive right decreed. Section 6418, supra, was amended in 1927 (S.L. '27, c. 150, §30; '35 C.S.A., c. 40, §136), and the period of limitation reduced to eighteen years. Since the use alleged in the instant case and established prima facie by the plaintiff exceeded twenty years, it is unnecessary to consider whether the 1927 statute has pertinency; likewise, it is unessential to decide whether the limitation of twenty years mentioned

in section 21, chapter 90, '35 C.S.A. (S.L. '17, p. 541) concerning "the waters of natural flowing streams, is applicable to the proceeding at bar.

The building of the ditch by plaintiff's testator on the lands of the defendant and his predecessors; the diversion of water arising thereon and its application to a beneficial use; and the filing of a statement of claim therefor, was substantial notice, both actual and constructive, to the owners of the land on which the waters arose that such rights as they might have had thereto were being invaded. See *Hitchens v. Milner Co.,* 65 Colo. 597, 178 Pac. 575. Plaintiff's evidence, unquestioned and undisputed, as appears from the record, shows an open, notorious, continuous and uninterrupted use of this water and ditch by plaintiff's testator for more than twenty years. The defendant himself admitted that he knew of the ditch and diversion before he purchased his land in 1922 or 1923. There is no intimation that at any time prior to 1940 the defendant or his predecessors ever made claim to the water or attempted to make use of it. Thus the only evidence adduced clearly established title by adverse possession in the plaintiff. "The general rule is that a title so gained may be used by the disseisor either as a weapon or as a shield, as his necessities may demand, in any court or proceeding." 1 Am. Jur., p. 799, §15. In the condition of the proof here, plaintiff's title properly could not be said to be doubtful or in dispute so as to justify the invocation of the well established principle that equity will not lend its preventive aid by injunction where the complainant's title or right *is shown* to be doubtful. For a discussion of the application of this principle to trespass cases, see 28 Am. Jur., p. 322, §132. The case of *Barrios v. Pleasant Valley Co.,* 91 Colo. 563, 17 P. (2d) 301, where, upon conflicting evidence the latter conclusion attained and was upheld, is rendered impertinent here by the circumstance that the evidence of plaintiff's title is not controverted. See comment in *Blanchard v. Holland,* 106 Colo. 147, 103 P. (2d)

18, on case last above cited. The fact that the right claimed by plaintiff has not been decreed in a statutory water adjudication, in itself, would not bar her from attempting to protect the same by injunctive proceedings against defendant. See, *Ironstone Ditch Co. v. Ashenfelter,* and *Nicoloff v. Bloom Co., supra.*

As defendant points out, section 21, supra, confers upon plaintiff no right of appropriation for surface drainage waters arising from the irrigation of adjoining lands. *Burkart v. Meiberg,* 37 Colo. 187, 86 Pac. 98, 6 L.R.A. (N.S.) 1104. The fact, disclosed by the evidence, that some such water was commingled with the seepage water diverted by plaintiff, obviously would not preclude rights in the latter or afford grounds for the dismissal of the suit. For the reasons assigned we conclude that the district court erred in dismissing the proceeding. The judgment is reversed.

MR. CHIEF JUSTICE YOUNG and MR. JUSTICE BURKE concur.