No. 15,278.

WEBSTER *v.* LOMAS.
(145 P. [2d] 978)

Decided February 7, 1944.

Mr. L. R. Temple, Mr. Albert P. Fischer, for plaintiff in error.

Mr. Clay R. Apple, Mr. L. J. West, for defendant in error.

*En Banc.*

Mr. Justice Knous delivered the opinion of the court.

The parties to this litigation are before us in the reverse order of their appearance in the trial court, but for convenience reference will be made to them herein as they there appeared, namely, as plaintiff and defendant. Plaintiff in the original complaint, alleging an unadjudicated usufructuary right grounded upon appropriation and adverse use since 1901 of certain seepage water arising on the lands of defendant, sought injunctive relief against the latter who, she asserted, by excavating and constructing a dam on his premises in the area of the origin of her ditch had cut off her supply of irrigation and domestic water. In the original trial, at the conclusion of the presentation of plaintiff's evidence, the court sustained defendant's motion for dismissal of the suit and so finally adjudged. In *Lomas v. Webster*, 109 Colo. 107, 122 P. (2d) 248, we reversed that judgment, pronouncing in the opinion, as matters of law, that a person upon whose lands seepage waters first arise, where such waters are not tributary to any natural stream, as is the situation here, had the prior right to apply such waters to a beneficial use on his lands, and that any attempted appropriation of such waters by an outsider was subject to such superior right of the owner; but that the latter may lose his prior right by acquiescence in an adverse use thereof by another continued uninterruptedly for the prescriptive period. Upon this legal basis we expressed that if the plaintiff had a right to the use of the waters herein involved

superior to that of defendant landowner, it must spring from the adverse use and possession alleged, and concluded that plaintiff's evidence prima facie so established. Reference is made to the opinion in the foregoing case for a more detailed statement of the legal considerations and evidence which led to the disposition made, which in the interest of brevity, we feel should not be repeated herein.

After the cause was reversed and remanded, plaintiff, over defendant's objection, was permitted to amend her complaint in the particulars hereinafter noted and a trial to the court was had, at which the parties submitted evidence in support of their contentions, the plaintiff's being as hereinabove indicated, while defendant, consistent with the allegations of his answer, admitted the obstruction of plaintiff's ditch, but, generally and inferentially, denied the right claimed by plaintiff, and affirmatively asserted that his predecessor in title, in 1902, had filed on and utilized on the premises the waters in question through the Warner Seepage Ditch which beneficial use was said to have been continued by defendant. Following the trial, and an inspection of the premises, the court found that the allegations of the complaint were substantially true; concluded that defendant's Warner Seepage Ditch had been abandoned in 1904 or 1905; decreed that plaintiff had established title to the ditch and water in question by adverse possession, and granted her injunctive relief, but preserved to defendant the right to the use of the water conducted through a six-inch tile installed by him in 1922 for stock watering purposes, the operation of which the court found did not affect injuriously the rights of plaintiff.

We discover no support in the record for defendant's contention that the findings are contrary to the evidence; rather, it seems to us, the testimony, including much of that coming from defendant's witnesses, affords an adequate basis for the court's decision. Nor do we believe that the court erred in permitting the

addition of the following italicized words to the original allegations of the complaint by way of amendment, viz.: That "the said Thomas Lomas constructed a ditch and appropriated seepage water, which *flows upon,* percolates, collects and arises in a draw or depression," and that "for a period of more than forty years uninterruptedly have appropriated, claimed, used and enjoyed the seepage water and all thereof arising, *flowing upon,* accumulating, and percolating on the said lands of the defendant." As was mentioned in our previous decision in this case, the applicable statutes, as construed in *Burkhart v. Meiberg,* 37 Colo. 187, 86 Pac. 98, conferred upon plaintiff "no right of appropriation for surface drainage waters from the irrigation of adjoining lands." As we view the situation, the amendment to the complaint was not directed to such surface waters, but to seepage water which, after arising to the surface, might flow in the depression in which plaintiff's ditch had its head. This conclusion, and the lack of any prejudice to defendant from the amendment, is sustained by the court's finding that "no appreciable amount of the water in the draw above the sump and dam on defendant's land, is surface waste irrigation water."

We think also that the court did not go outside the issues in decreeing the abandonment of the Warner Seepage Ditch. The answer of defendant alleged the construction and use of this ditch as showing an exercise by defendant and his predecessors of their superior statutory right to use the waters in question on the premises on which they arose. The replication denied such use; thus, it was essential that the court should have considered this point and the decision it reached is amply supported by the evidence. As noted, the decree entered protects defendant in his enjoyment of the water collected by his tile line.

The asserted formal deficiencies in the Lomas statement of claim for a water right filed in 1901, while possibly a matter for consideration in an adjudication

proceeding, are without pertinency here, since plaintiff's right primarily springs from an adverse possession and use in which the written claim bears only on the intention of the disseizor to appropriate and use the water for his own purposes.

The judgment is affirmed.