No. 10,200.

ARMSTRONG *v.* GRESHAM.

Decided December 5, 1921.

On motion to dismiss writ of error.

*Motion denied.*

1.  WORDS AND PHRASES—*New Trial.* A new trial is a re-examination of an issue of fact.

2.  RULES—*Supreme Court—New Trial.* Supreme court rule 8, regarding new trials, refers only to errors in the trial of issues of fact.

3.  APPEAL AND ERROR—*Motion for New Trial.* A motion for a new trial is not necessary to a review in the supreme court of a ruling on a motion non obstante.

Mr. JOHN T. BOTTOM, for plaintiff in error.

Mr. WILLIAM H. GABBERT, Messrs. GARWOOD & GARWOOD, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GRESHAM, the defendant below, had a verdict, April 22, 1921. Ten days were allowed for a motion for a new trial; the plaintiff filed no such motion, but, on the 2nd of May, filed a motion for judgment *non obstante veredicto.* June 7th, this motion was denied; thereupon the court made an order that a motion for a new trial was unnecessary.

Rule 8 is as follows:

"The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

Gresham now moves to dismiss the writ of error on the ground that no motion for a new trial was filed or order made within the time fixed by the court, and claims that the court had no authority afterwards to make such order.

This claim may be right under *Keenan v. Colo. Farm Lands Co.,* 65 Colo. 113, 173 Pac. 1140, but we are inclined to think that the motion for judgment *non obstante* had the effect to retain the jurisdiction of the trial court over the case. Be that as it may, the present motion should be denied.

A new trial is a re-examination of an issue of fact. 29 Cyc. 720, and cases cited. This is the common understanding of the term, and it is the immemorial practice to file motions for new trials only upon issues of fact. Rule 8, therefore, must be considered as referring to errors in the trial of such issues alone. The motion for judgment notwithstanding the verdict raises no question of fact, but of law only; consequently a motion for a new trial has no application to a ruling upon such motion.

Again: We understand that a jury trial ends with the verdict. The motion *non obstante,* of course, cannot be earlier, and so is not a part of the trial; a hearing upon it is not a trial or part of a trial; the error in ruling upon it, therefore, is not "error in the trial"; so rule 8 is irrelevant to it.

It follows that a motion for a new trial is not necessary to a review here of a ruling on a motion *non obstante.*

Motion denied.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT and MR. JUSTICE WHITFORD concur.