No. 10,020.

STEERE, ET AL. *v.* McComb.

Decided March 6, 1922.

Action for cancellation of deeds. Judgment of dismissal.

*Reversed.*

1. PRACTICE—*Pleading.* A motion to separately state causes of action was granted, and plaintiffs given five days within which to elect. Held, that it was error for the court to refuse permission to file an amended complaint stating but one cause of action, which was tendered within the five days.

2. PLEADING—*Cause of Action.* A pleading which sets up but one primary right and the violation thereof, states but one cause of action.

3. APPEAL AND ERROR—*Question not Raised.* The question of whether a case for equitable relief is stated in the bill, held not properly before the court for review.

4. NEW TRIAL—*Motion.* Where the questions before the lower court were purely of law, no motion for a new trial is necessary under Supreme Court rule 8.

*Error to the District Court of the City and County of Denver, Hon. Julian H. Moore, Judge.*

Mr. CHARLES E. FRIEND, for plaintiffs in error.

Mr. R. J. BARDWELL, Mr. ROY C. HECOX, Mr. ROBERT G. STRONG, for defendant in error.

*Department Two.*

MR. JUSTICE DENISON delivered the opinion of the court.

GRAYCE E. STEERE and her husband, Charles W. Steere, brought suit against McComb to cancel two deeds, one from her to her husband and the other from him to McComb. The property described in the deeds was a dwelling occupied by the plaintiffs in the city of Denver. It appeared from the complaint that the title to the property was in Grayce; that the interest of Charles was a homestead interest only.

The complaint alleged as grounds for the cancellation of the deeds; first, that McComb falsely represented to the plaintiffs that the plaintiff, Charles, was guilty of crime for which he was subject to prosecution; second, that he, McComb, threatened the plaintiffs that unless the conveyances were made Charles would be prosecuted for said crime and sent to the penitentiary; third, that the deed of Grayce to her husband was not acknowledged as required by the statute in case of homesteads; fourth, that both deeds were without consideration.

The defendant moved to compel the plaintiffs to separately state and number their causes of action. This motion was granted and thereupon this order was entered: "At this day it is ordered by the court that plaintiffs may have time and until five days from this date to elect herein as they shall be advised."

Within the five days plaintiffs tendered an amended com-

plaint, the substantial part of which is that the defendant "threatened, represented and said" to the plaintiff Grayce that "unless she then and there signed and delivered a deed of her property" to her husband and "unless the said Charles W. Steere, her husband, should sign and deliver a deed to said property to him the said Edgar McComb, he, the said Charles W. Steere, would go to the penitentiary;" that thereupon the plaintiffs executed such deeds and delivered them to McComb who recorded them, and that the deeds were executed and acknowledged in fear of the said threat. The amended complaint also alleges that the deed of Grayce Steere was not acknowledged by her separate and apart from her husband as required by statute.

The court declined to permit the filing; the plaintiffs stood by the amended complaint and by their right to file it and the case was dismissed. We do not know why the court below refused the tender of the amended complaint, but we infer from the briefs that it was because the court was of the opinion it was subject to the motion to separate causes of action.

The refusal was error. The plaintiffs, under the order above quoted, had a right to file an amended complaint, either alleging separate causes of action, if they could, or any other facts by which they could avoid the objection that causes were commingled in one count. Assuming that the court was right with reference to the original complaint in ordering the causes of action to be separately stated, the plaintiffs had the right to file an amended complaint stating one cause of action and omitting all others. If therefore, the amended complaint states but one cause of action there is no ground for denying the right to file it.

That it states but one cause seems clear. The plaintiffs, one of whom owns the fee and the other has a homestead interest in the property in question, have a primary right to a clear title. The existence and record of invalid deeds constitute one violation of that right. Pomeroy Rem. & Rem. Rights §§ 1-3, 452, 459, 518-522. See *Farmers &c. Co. v. Webber,* 70 Colo. 348, 201 Pac. 555; *Olson v. Harvey,*

68 Colo. 180, 188 Pac. 751. The court will cancel such deeds, clear the title and quiet it. Several defects in the deeds do not give rise to plural causes. This is made clear. if we suppose this action had been brought as a suit to quiet title with a mere allegation of ownership followed by the statement that the defendants claimed some right, title or interest but had none. There could then have been no question that one cause only had been stated. The defendant then would have been obliged to set up his rights under the deeds and the replication would have alleged the misrepresentation, duress and illegality.

It is urged that there is one cause of action on behalf of one plaintiff and another on behalf of the other. We do not think so. The two invalid deeds constitute one cause in the subject of which and in the relief demanded by which both plaintiffs are interested. Code, §§ 10, 11, 12; *First Nat. Bank v. Hummel,* 14 Colo. 259, 274-6, 23 Pac. 986, 8 L. R. A. 788, 20 Am. St. Rep. 257.

It is also claimed that because it is shown in the amended complaint that Mrs. Steere did not acknowledge her deed in accordance with the law concerning homesteads, and that Steere's deed was not so acknowledged, it therefore appears that the deeds are void, so the record thereof is not a cloud upon the title and there is no occasion to cancel an instrument void on its face, and therefore there is no equity in the bill. We suppose that, if such is the case, it would be satisfactory to the plaintiffs, since a judgment upon a finding that the deeds are void would establish plaintiffs' title as well, perhaps, as a cancellation. But the question is not before us. It would arise, perhaps, on demurrer but not on the proceedings which were had.

It is not necessary to decide the question whether the error in granting the motion to separate causes in the original complaint was waived by tender of the amended complaint. That error will be immaterial when the amended complaint is filed.

The point is made, under Rule 8, that there was no motion for a new trial below, but we have recently held that

where the questions before the court below were purely of law no motion for a new trial was necessary. *Armstrong v. Gresham,* 70 Colo. 502, 202 Pac. 706.

The judgment should be reversed with directions to permit the filing of the amended complaint and for further proceedings not inconsistent herewith.

MR. JUSTICE TELLER, sitting for MR. CHIEF JUSTICE SCOTT, and MR. JUSTICE WHITFORD concur.