No. 11,000.

FINCHER v. EDWIN M. BOSWORTH & CO.

Decided October 9, 1924.

On motion to dismiss writ of error.

*Motion Denied.*

1. APPEAL AND ERROR—*Judgment Non Obstante—Motion for New Trial.* A motion for a new trial is not necessary to a review in the supreme court of a ruling on a motion for judgment non obstante veredicto.

*Error to the District Court of the City and County of Denver, Hon. Jesse C. Wiley, Judge.*

Messrs. SABIN & MCGLASHAN, for plaintiff in error.

Messrs. BARTELS & BLOOD, for defendant in error.

*Department Two.*

MR. JUSTICE WHITFORD delivered the opinion of the court.

FINCHER, the defendant below, had a verdict in his favor. The plaintiff filed a motion for judgment non obstante veredicto. This motion was granted by the court and the defendant brings the case here for review by writ of error, assigning as one of the grounds for reversal the granting of the motion for judgment notwithstanding the verdict.

The defendant in error now moves to dismiss the writ, on the ground that no motion for new trial was filed and no order entered by the court dispensing with such motion, and that under rule 8 there are no questions which can be considered by this court on review.

Rule 8 is as follows: "The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

The Code provides that "a new trial is a re-examination of an issue of fact in the same court, after trial and decision by a jury, court or referee." 1921 Code, section 236.

One of the assignments made by the plaintiff in error is the granting of the motion for judgment notwithstanding the verdict. We have said that "the motion for judgment notwithstanding the verdict raises no question of fact, but of law only; consequently a motion for new trial has no application to the ruling upon such motion." *Armstrong v. Graham,* 70 Colo. 502, 202 Pac. 706.

The motion must therefore be denied.

MR. JUSTICE ALLEN, sitting for MR. CHIEF JUSTICE TELLER, and MR. JUSTICE SHEAFOR concur.