## No. 11,508.

AHART v. SUTTON, ET AL.

Decided March 1, 1926.

Action for damages. Judgment of dismissal.

*Reversed.*

*On Application for Supersedeas.*

1. ACTIONS—*Damages*—*Fraud.* In an action for damages growing out of a real estate transaction, where defendant had no title to convey, plaintiff could proceed for the wrong done in an equitable or legal action. He was not obliged to ask for equitable relief.

2. LIMITATION OF ACTIONS — *Fraud* — *Legal Action.* Where plaintiff asked for a money judgment for damages resulting from fraud in a real estate transaction, it is held that the six, and not the three, year statute of limitations was applicable.

3. PLEADING — *Limitation of Actions* — *Demurrer.* The question of whether or not an alleged cause of action is barred by the statute of limitations, when it is properly raised by demurrer, as in the case under consideration, should be determined on the pleadings, and not after the facts have been found as a result of a trial on the merits.

4. ACTIONS—*Common Law*—*Code.* The Code did not abolish the distinction between common law actions, but only forms of actions. Com-

mon law and equitable actions exist under the Code the same as they did at common law.

5. APPEAL AND ERROR—*New Trial—Review.* A motion for a new trial is not essential to a review in the Supreme Court of a judgment pronounced on a question of law only.

6.      *Pleading—Practice.* Where a plaintiff, after his demurrer to the answer had been overruled elected to stand thereon, and asked for judgment on the pleadings which the court rendered against him, he could, notwithstanding the judgment was entered on his motion, have it reviewed on writ of error.

*Error to the District Court of the City and County of Denver, Hon. Henley A. Calvert, Judge.*

Mr. FRED A. HARRISON, for plaintiff in error.

Mr. L. F. CRAWFORD, for defendants in error.

*Department Three.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

IN the month of December, 1920, the plaintiff Ahart entered into a contract with the defendants Sutton & Sutton, whereby the latter, claiming to be the owners of 30 acres of land in Adams county, agreed to sell, and sold the same to the plaintiff for a certain price, and upon the same day in a separate agreement, and as a part of the same transaction, the defendants agreed, after notice in writing of the plaintiff's desire to take advantage thereof, to give and gave an option to sell this land back to the defendants upon the payment of a certain sum. After the plaintiff had in two payments given to the defendants $2,750 on the purchase price, he ascertained that the defendants were not the owners of the land and had no authority to deal with or sell it. He thereupon filed this complaint concerning two causes of action; the first cause being what is known at the common law as an action on the case to recover damages for the fraud,

growing out of these contracts, which the defendants had practiced upon him; the second cause of action was in assumpsit for the same alleged wrong. Each defendant filed a separate answer containing among other things a plea of the statute of limitations based upon section 6403, C. L. 1921, providing that bills for relief on the ground of fraud shall be filed within three years after the discovery by the aggrieved party, of the facts constituting such fraud, and not afterwards. The complaint shows on its face that this action was brought more than three years, but within the period of six years, from the time the causes of action accrued. The court overruled plaintiff's demurrers to the defendants' plea of the limitation statute. Plaintiff elected to stand by his demurrers to such defenses of the answer. The defendants declined to ask for judgment. The plaintiff moved for judgment on the pleadings and thereupon the court entered a judgment dismissing with prejudice the action against each defendant and for costs. Plaintiff is here with his writ of error.

We think the judgment of the court was wrong. Plaintiff might have properly elected to proceed for the wrong done either in an equitable or in a legal action. He was not obliged to go into a court to secure equitable relief. He chose, on the contrary, to proceed with his complaint in the first cause of action for the fraud practiced upon him by the defendants and to get a money judgment rather than equitable relief. In the second cause of action he sued in assumpsit for the same wrong. The action was filed less than six years after each one of these causes of action accrued. Our limitation statute applicable is section 6392, fourth subdivision, C. L. 1921, which provides that all actions of assumpsit, or on the case founded on any contract or liability, express or implied; and the seventh subdivision of which provides that all other actions on the case, except actions for slanderous words and for libels, shall be commenced, as this

action was, within six years after the cause of action shall accrue, and not afterwards.

To sustain the judgment the defendants assert, what apparently the trial court had in mind when it overruled these demurrers, that the question whether or not the alleged causes of action are barred by the statute of limitations should not be determined upon general demurrers pleading the statute, but the question is one to be determined after the facts have been found as a result of a trial on the merits. We do not think so. The first cause of action was for the tort growing out of the contract. It was necessary, however, and proper to allege the contract which the parties made as an inducement to the allegations of the fraud which was practiced upon the plaintiff by the defendants in the making of the contract. Plaintiff's first cause is case at common law. Our statute of limitations was passed in territorial days at the time that a modified common law practice copied from Illinois prevailed in this jurisdiction. The Code of Procedure that was passed by our General Assembly after the territory was merged into a state, did not abolish the distinction between common law actions but only forms of action. Common law actions and equitable actions exist under our Code the same as they did at common law. Our statute of limitations must be interpreted and construed in the light of the foregoing. There was no necessity for hearing any evidence to enable the court to determine whether the actions pleaded were common law actions or equitable actions. The allegations of the complaint leave no doubt as to the character of the two separate causes of action. The first was case, the other implied assumpsit. The demurrers of the defendants were directed against these causes of action as pleaded, not to what the facts of the controversy might show upon a trial of the issues of fact joined by appropriate pleadings. As both causes of action accrued less than six years before the complaint was

filed, plaintiff's demurrers to the pleas of the three years statute of limitations should have been sustained.

A further contention by defendants in error is that we cannot review this judgment because, after the court overruled the plaintiff's demurrers to the defendants pleas of the statute of limitations and elected to stand by the demurrers and thereupon the court dismissed the action, the plaintiff failed to file a motion for new trial. The final judgment was based upon an erroneous conclusion of law and not upon any question of fact. We have repeatedly held that a motion for a new trial is not essential to a review in this court of a judgment pronounced on a question of law only. *Fincher v. Bosworth,* 76 Colo. 69, 230 Pac. 596, and cases therein cited.

Another contention of defendants in error is that the writ of error does not lie because the judgment dismissing the action was rendered on the application of the plaintiff himself. This is a misapprehension of the proceeding below. When the defendants in error, who were defendants below, declined to ask for a judgment of dismissal because they conceived that the case should be tried upon the merits with a view to a determination of the real nature of the actions, the plaintiff did not ask for a dismissal of his action, but merely stood by his demurrers and asked for judgment on the pleadings in his favor. The judgment which was rendered by the court was not the favorable judgment sought for and asked by the plaintiff. On the contrary, it was a judgment unfavorable to him dismissing the action. This was not in the true sense a procuring by the plaintiff of the judgment actually rendered. It has, moreover, been held, as to which we are not required to express our opinion, that the mere fact that a judgment was formally entered on the motion of an appellant or a plaintiff in error in conformity with a previous finding of fact or decision of the court on a question of law, is not a recognition of its validity and does not affect his right to a review

thereof, such entry being necessary for a review.  3 C. J. p. 670, § 543, p. 674, § 548.

As the parties desire final decision upon the application for a supersedeas, and as it seems clear that the demurrers were improperly overruled, we have concluded to accede to this request and dispose of the writ of error on its merits.  The application for a supersedeas is denied and the judgment of the district court is reversed and the cause remanded.

MR. CHIEF JUSTICE ALLEN and MR. JUSTICE SHEAFOR concur.