No. 11,639.

Sutton, et al. *v.* Ahart.

Decided January 3, 1927.

Action for damages for fraud and deceit. Judgment for plaintiff.

*Affirmed.*

1. Judgment—*Presumption—Appeal and Error.* A judgment is deemed right unless the record on review affirmatively shows to the contrary, and then the burden is upon plaintiff in error to establish prejudicial error.

2. Instructions—*Harmless Error.* A judgment will not be reversed because of the giving of an erroneous instruction if the error is harmless.

3. Judgment—*Findings—Fraud.* In an action involving alleged fraud in a real estate transaction, a finding of the jury that defendants were guilty of fraud did not detract from the virtue of their finding that they had breached their contract to take back the property; neither did a finding of breach of the contract negative or impair the finding of fraud.

4. Instructions—*Fraud—Evidence.* In an action for damages for fraud and deceit, there was no error in the refusal to give an instruction that the fraud and deceit must be established by clear and convincing testimony, where the court instructed the jury that it must be established by the plaintiff by a preponderance of the evidence.

*Error to the District Court of the City and County of Denver, Hon. Charles C. Sackmann, Judge.*

Mr. L. F. CRAWFORD, for plaintiffs in error.

Mr. FRED A. HARRISON, for defendant in error.

*En banc.*

MR. JUSTICE CAMPBELL delivered the opinion of the court.

THIS case was once before this court, 79 Colo. 145, 244 Pac. 306. The complaint has two causes of action. The first is what would be case at common law; the second is implied assumpsit. The plaintiff's grievance, as set forth in the first cause of action, is that the defendants perpetrated a fraud upon him in the sale of land which they did not own, and which they were unable to, and did not, convey to him, upon the payment of the purchase price of which he had advanced $2,750. The fraudulent contract complained of is set forth in the opinion referred to. In addition to the facts there recited, it should be stated that the first cause of action, after setting forth a copy of the written sale contract, alleges that by a separate instrument in writing entered into by the parties on the same day and as a part of the same transaction of sale, it was agreed by the parties that if Ahart, the vendee, desired to sell the land within one year thereafter, the vendors, the Suttons, agreed to take it back at the same sale price, the agreement to be consummated by the defendants by "paying back to said second party (Ahart) only the actual amount of moneys paid by him on said land after deducting from said amount of money actually paid in all money received by second party from said land as rental for the year 1921"; provided the plaintiff vendee, as he did, gave the first parties, vendors, at least sixty days' notice thereof in writing of his de-

sire to take advantage of this portion of the agreement. After the case was remanded by us to the district court, issues of fact were joined by answer. Before the trial to the jury was begun the plaintiff voluntarily dismissed the second cause of action, choosing to rely solely upon the first. The jury found for the plaintiff in the sum of $2,750 and interest, and by separate verdicts that each and both of the defendants were guilty of fraud and wilful deceit in the contract of sale. After motion for new trial was made and denied, the court gave a money judgment as above stated, and further adjudged that the defendants and each of them, if they failed to satisfy the judgment, should be committed to the jail of the City and County of Denver for a term of ninety days, to be released, however, upon the payment of the judgment. The defendants are here with this writ.

On defendants' application for a supersedeas, it not being resisted, the court granted the same and required a supersedeas bond in the sum of $6,000. The defendants did not file the bond. The plaintiff, defendant in error Ahart, by his attorney, has filed a statement that he is unable to pay the expenses of a supplemental abstract of the record and a printed brief and consents that the case may be heard upon the opening brief of the plaintiffs in error alone. This situation has entailed unusual labor upon us in the examination of the record. The abstract of the record, as prepared by the plaintiffs in error, is, in a number of respects, not in accordance with our rules. Our practice does not require us, in aid of the writ, to resort to the transcript, but we have done so to see if the judgment is supported by the record.

That the defendants were guilty of the deceit charged, the jury, on conflicting evidence, found. That it was the inducement that led the plaintiff to part with his money is conclusive. The jury in separate findings said that the defendants were guilty of wilful fraud and deceit. The defendants say that the charge in the com-

plaint that they did not own or have authority to sell the lands has no evidence in its support. The record, as abstracted, may sustain this contention, but after reading the transcript we are uncertain whether they had merchantable title to the lands which they contracted to convey to plaintiff. On this point, the jury, who were the judges of the weight of the evidence and the credibility of the witnesses, apparently found against the defendants.

It will be observed that the first cause of action alleges that the plaintiff elected to accept and avail himself of the terms of the supplemental agreement which, in its own language, is called a "sale back," and duly gave to the defendants notice of such election on his part. The judgment below is deemed to be right unless the record on review affirmatively shows to the contrary, and the burden is upon the plaintiffs in error to establish prejudicial error. It seems to be true that before this action was brought the defendants made some sort of tender to the plaintiff of a deed to the land but whether it was a merchantable title does not appear. Neither does it appear that such a tender and offer were made by the defendants before the plaintiff elected to "sell back" to them. This contract provided, as stated, that the defendants would take the property back and return to plaintiff all of his advances. Literally it may be true that the transaction, contemplated by this separate agreement, was not a "sale back" because the defendants had not delivered to the plaintiff a deed of conveyance at the time when the latter elected to take back his money instead of completing the deal; but, if so, the defendants cannot take advantage of their own wrong, in not sooner delivering to the plaintiff a deed to the land for which he bargained, and in not fully complying with their contract in all its parts.

The chief objection of the defendants seems to be, and upon which they apparently rely for reversal, that the court by its instruction numbered 9 told the jury, in

effect, that even if the defendants were not found guilty of fraud and wilful deceit, nevertheless, the plaintiff might be entitled to recovery in the action if he had established, by a preponderance of the evidence, that under the terms of the entire agreement of sale and re-sale of the property, he had given the required notice and complied with the terms thereof and demanded return of his money; in which event, the court said, the jury might find for the plaintiff in such sum as the evidence showed was paid to the defendants upon the purchase price, together with interest. We fail to perceive the force of the objection to the instruction. Defendants' counsel say that, since the plaintiff abandoned his second, and elected to proceed on the first, cause of action, he could not recover these payments on the purchase price, because of the election, and could not recover at all in the absence of a count or cause of action in assumpsit. It is a sufficient answer to the contention that instruction number 9, if erroneous, was harmless, because the jury found that the defendants were guilty of the fraud and deceit charged. Merely because the jury found the defendants guilty of wilful deceit does not detract from the virtue of the finding that they breached their agreement to "take back" the land. Neither does the finding of the breach of contract negative or impair the finding of fraud and deceit.

Another objection is that the court refused an instruction tendered by the defendants that fraud and deceit must be established by clear and convincing testimony. This objection was directed to an instruction which the court gave that the fraud and deceit charged must be established by the plaintiff by a preponderance of the evidence. They claim that the instruction as given is wrong. This court in *Allen v. Elrick*, 29 Colo. 118, 66 Pac. 891, has assumed, if not directly decided, that fraud and deceit may be established by a preponderance of the evidence. This is not at all inconsistent with the requirement that proof of fraud should be clear and convincing.

The jury may be and is justified in concluding, from a preponderance of the evidence, that an allegation of fraud and deceit is clearly and convincingly established.

As already indicated, we might have affirmed this judgment because of a noncompliance by plaintiffs in error with our rules of practice and procedure, but we have chosen to base it upon the merits. There are a number of other questions argued in the brief filed, and a number of cases are cited, which are entirely foreign to the case as made. The jury saw and heard the plaintiff and the defendants and their respective witnesses as they testified in open court, and were better able to judge of their credibility than we are. The case was hotly contested and the rulings of the trial court were, to say the least, as favorable to the defendants as they could ask. Judgment affirmed.

MR. CHIEF JUSTICE ALLEN not participating.