## No. 11,606.

### LAPHAM *v.* PHILLIPS.

Decided May 9, 1927.

On motion to dismiss writ of error.

*Writ Dismissed.*

1. APPEAL AND ERROR—*Dismissal*—*Motion for New Trial.* Where the hearing of a water adjudication proceeding involved a determination of issues of fact, the writ of error will be dismissed, where no motion for a new trial was filed as required by rule 8 of the Supreme Court.

*Error to the District Court of Montrose County, Hon. Thomas J. Black, Judge.*

Mr. L. C. KINIKIN, Mr. WILLIAM A. HILL, for plaintiff in error.

Messrs. NOURSE & HOGAN, for defendant in error.

*En Banc.*

MR. JUSTICE DENISON delivered the opinion of the court.

THE defendant in error moves to dismiss the writ under rule 8, because there was no motion for new trial nor order dispensing therewith. The plaintiff in error replies that there was no occasion for a motion because no question of fact was involved in the case, and he cites *Armstrong v. Gresham,* 70 Colo. 502, 202 Pac. 706, *Fincher v. Bosworth & Co.,* 76 Colo. 69, 230 Pac. 596, *Steere v. McComb,* 71 Colo. 190, 205 Pac. 526 and *Ahart v. Sutton,* 79 Colo. 145, 244 Pac. 306. We think the motion must be granted.

The facts in the present case necessary to understand the question presented by this motion are: In 1924 one Austin obtained a conditional decree for 1.45 second feet of water from Big Willow Creek with the priority of 1908. He sold the land to which this was appurtenant, with the right, to Lapham, plaintiff in error. Lapham spent a large sum on a pipe line to apply this water to beneficial use, and then made application under the statute C. L. § 1799 to make his conditional decree final. The court allowed him eighty-nine one-hundredths (.89) of a second foot but, instead of a priority as in the conditional decree of 1908, made it as of 1925. In his petition to make his conditional decree final he sets forth the facts which he claims show diligence in prosecuting the application to beneficial use, which were denied by the defendant in error who appeared to protest against the allowance. These facts were found in favor of the plaintiff in error, but they only referred to what was done after the conditional decree, but, because there had been no diligence between 1908 and the date of the conditional decree, the court fixed the priority at 1925 instead of 1908. Plaintiff in error's claim is that 1908 was res adjudicata, and that point was determined against him and is the decisive question in the case; wherefore, he says that the determination was of a question of law only and therefore no motion for new trial is necessary.

We cannot agree with his conclusion. There were issues of fact raised and tried. The error assigned is, in substance, that those issues though properly decided were not applied properly, that is, that the judgment was not what the findings justified. While this is an error of law, yet it is a question determined on a trial of fact. We do not see how we could refuse to dismiss the writ of error on such a situation without practically abolishing rule 8. Every reversal by this court is a reversal for an error of law. If we are to say that no motion for a new trial should be required where the only error was one of law, we should say then that it is not required at all.

The cases in which we have held that no motion for a new trial was required were cases not tried upon questions of fact and what was said in those cases related to the case then under consideration. In *Armstrong v. Gresham, supra,* the motion was for error upon a motion non obstante, which, of course, raised a question to be decided after trial and after all the issues of fact were determined. In *Steere v. McComb, supra,* there never was a trial; the error was refusal to permit the filing of an amended complaint. In *Fincher v. Bosworth, supra,* the error assigned was the granting of a motion non obstante; in *Ahart v. Sutton, supra,* the error assigned was overruling the demurrers to answers.

One purpose of rule 8 is to give the trial court an opportunity to correct errors made in the course of a trial. This reason has little force in the case of error upon demurrer, motion non obstante, motion in arrest of judgment, or an error made outside the trial; and, as said in *Armstrong v. Gresham,* motions for new trial are understood to be for the purpose of getting a new trial of questions of fact. The purpose of the rule fits exactly the present case, where the court, upon trial of an issue of fact, has rendered a judgment which, it is claimed, is not justified by the facts.

We regret to say that the motion must be granted.