## No. 13,186.

BARRIOS *v.* PLEASANT VALLEY AND LAKE CANAL COMPANY.
(17 P. [2d] 301)

Decided December 5, 1932.

564

Mr. MORTIMER STONE, Mr. ALDEN T. HILL, Mr. FRED W. STOVER, Mr. HERBERT A. ALPERT, for plaintiff in error.

Mr. L. R. TEMPLE, for defendant in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties occupy the same relative position as in the trial court and we hereinafter designate them as plaintiff and defendant respectively.

Plaintiff, claiming ownership by purchase of certain irrigation water "appropriated through and decreed to defendant's ditch," and asserting possession and use thereof by him "for more than twenty years prior to the year 1928 openly, notoriously, continuously and adversely," alleged that such use had been interfered with by defendant in 1928, and entirely prohibited in 1929, and demanded injunctive relief. Defendant denied the material allegations of the complaint. The cause was tried to the court and defendant had judgment. To review that judgment plaintiff prosecutes this writ, asks that it be made a supersedeas, and requests that the cause be finally disposed of here on this application.

The record before us is so defective that were

plaintiff otherwise entitled to the relief prayed for it would necessarily be denied. But, since we are of the opinion that, on the merits, plaintiff has not shown himself so entitled, since such defects are not raised by defendant,. and since we have made a careful examination of the entire transaction and can readily dispose of the case, we elect to proceed with it to final judgment.

 Plaintiff's evidence discloses no title, by purchase, to the water in question. At most it discloses his belief, over a period of years, that he had some right to it by virtue of a contract between strangers. No evidence of that contract was forthcoming, and we must assume that it never existed. There was evidence that plaintiff needed and long used the water. The most that can be said, however, on the question of notoriously adverse use for the required period is that the evidence is conflicting and unsatisfactory and, since the findings were general and all presumptions are in favor of the judgment, we must assume that question was resolved against plaintiff. With that conclusion we cannot interfere. Plaintiff's predecessor in interest testified. The use claimed began with his predecessor, his father, and the most that can be spelled out of that testimony is a use by license. Plaintiff's rights could be no greater. 2 C. J., p. 124, §210.

 The purpose of this action is not to maintain a status quo while rights are litigated. Its sole purpose is to finally adjudicate an alleged right based upon a doubtful and disputed title. This is not the province of injunction. 32 C. J., p. 35, §15. In fact, its true purpose is to try title. Where such is the main object of a suit injunction is not the proper remedy. *Tomasini v. Taylor,* 42 Ore. 576, 72 Pac. 324.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.