No. 12,842.

PLEASANT VALLEY AND LAKE CANAL COMPANY *v.* MAXWELL ET AL.

(23 P. [2d] 948)

Decided June 12, 1933.  Rehearing denied July 3, 1933.

Mr. L. R. Temple, for plaintiff in error.

Mr. Mortimer Stone, for defendants in error.

*In Department.*

Mr. Justice Campbell delivered the opinion of the court.

Ray V. Maxwell and his wife Ethie F. Maxwell, as plaintiffs below, brought this action against the defendant the Pleasant Valley and Lake Canal Company, a corporation, for a decree quieting their title to a certain water right of which they claimed ownership. The defendant company's answer denied such alleged ownership by the plaintiffs, and in two separate affirmative defenses therein alleged that the claim of ownership by the plaintiffs of the water right in question was without merit, and that such water right belongs to the defendant, either in its corporate capacity, or as trustee for its stockholders and was so decreed by the district court of Larimer county, Colorado, in 1882.

Much oral evidence was taken and considerable record evidence produced. Trial was to the court without a jury and at the close of the testimony and after arguments of counsel the trial court found generally for the plaintiffs and made the following specific findings of fact: (1) That the plaintiffs and their predecessors in title and interest have continuously during each irrigation season of more than thirty years prior to the wrongful locking of their headgate by defendant in the month of June, 1928, under claim of ownership and of right, used sufficient water out of said company's ditch or canal for the full, necessary and proper irrigation of fifty acres of the lands in plaintiffs' complaint—describing the same—to the detriment of defendant and at times when there was shortage of water for the use of its stockholders, and that defendant has at all times had full knowledge of such use and claim

of ownership and of right and has acquiesced therein. (2) That plaintiffs and their predecessors in title and interest have for a period of more than thirty years prior to the acts of defendant complained of in plaintiffs' complaint been in actual, open, notorious, continuous, adverse and exclusive possession of sufficient water for the irrigation of fifty acres of the lands hereinafter and in plaintiffs' complaint described, to wit, fifty inches of the waters at any time in the said Pleasant Valley and Lake Canal, hostile to defendant and under claim of right. (3) That plaintiffs and their predecessors in title and interest, from whom plaintiffs now hold by purchase, have for a period of more than seven years prior to the acts of defendant complained of in plaintiffs' complaint been in actual, open, notorious, continuous, adverse and exclusive possession of sufficient of the waters at any time in said Pleasant Valley and Lake Canal to fully irrigate said fifty acres of land, to wit, fifty inches thereof, hostile to defendant and under claim and color of title made in good faith and have during said time paid all taxes legally assessed thereon. (4) That plaintiffs are the owners each of an undivided one-half interest in and entitled to the possession of fifty inches of water out of the waters appropriated through and decreed to defendant's ditch, the Pleasant Valley and Lake Canal, from the Cache la Poudre river as of right prior to that of defendant together with the right of carriage of said water through defendant's ditch from the headgate thereof on the Cache la Poudre river to the headgate where the same has been heretofore used, for the irrigation of fifty acres of the lands described in plaintiffs' complaint. Then follows the specific description of said fifty acre tract.

The decree of the court based upon such findings specifically provides that the same shall not be deemed in any way to determine or affect the rights of grantees and their successors in interest under deeds for water for neighboring lands theretofore executed by the defendant

company of record, and the decree further provides that the water right thus decreed to the plaintiffs, as against the defendant, shall be subject to all prior rights thus acquired and now held by the grantees named in said deeds and their successors in title and interest. Based upon such findings of fact the court by its decree adjudged that the plaintiffs, as against the defendant company, are the owners of, and each of them is entitled to, an undivided one-half interest in and to said fifty inches of water, subject, as stated, to such prior rights, if any, as were acquired and held by grantees named in the deeds above described passing to parties other than the plaintiffs in this action.

We have thus stated the issues and the findings and decree of the court as the best way to present this controversy and as it will serve materially to shorten the opinion. The evidence in the case, as counsel themselves say, took a wide range and was in conflict as to the material issues and to which evidence was directed. We have spent considerable time in reading the able briefs of respective counsel and the evidence contained in the transcript. It would not serve any useful purpose to enter upon an extended discussion of this evidence further than to say that a careful reading of the same satisfies us, as it did the trial court, that the plaintiffs fully sustained the burden resting upon them to show ownership of the water right in dispute. There is, in some important particulars, as well as in matters of less consequence a conflict in the oral testimony, but the trial court was in much better position than we are to pass upon the credibility of witnesses. The trial court was patient and indulgent to counsel upon both sides in the matter of the admission of testimony, oral and written, but we do not find that any substantial or harmful rulings were made with respect to the admission or rejection of evidence. Certainly there were no prejudicial errors committed that are harmful to the defendant. This judgment is grounded upon record evidence and testimony of wit-

nesses who disclose facts of which they had full knowledge. The plaintiffs showed long continued use of the claimed water right by their predecessors, and themselves, for more than thirty successive years, payment of taxes for more than seven years by them and their predecessors in their effort to establish the fact of some contract or agreement to convey, although this contract was not of record. There was considerable documentary and record evidence, and recitals in the records kept by the defendant itself, and various deeds of conveyance of this water right.

The defendant dwells at length upon a transcript of the testimony of one Joshua H. Yeager and others which was taken in the case of *New Mercer Ditch Company v. Armstrong,* reported in 21 Colo. 357, 40 Pac. 989. The writer of this opinion wrote the opinion in the Armstrong case. A rereading thereof discloses that it is not in any way harmful to plaintiffs' case here. Indeed, it is helpful. But if the Armstrong case has any bearing at all upon the case now before us it is in harmony with the decree rendered by the trial court in this action. The water right in controversy here is part of the same water right that was in dispute in the Armstrong case. Joshua Yeager was the owner of the water right involved in that case and was adjudged to be such, not as to the full quantity, but for a smaller amount. The water right in dispute in the pending action is a part of this same Yeager water right. The trial court in this action awarded a decree to the plaintiffs quieting their title, as against the defendant's, not for the full sixty inches which they claimed, but for fifty inches which constitutes a part of the same appropriation theretofore awarded to Yeager which was recognized in the New Mercer-Armstrong opinion. But if it were otherwise, the trial court here found upon an admitted conflict in the testimony, that although the plaintiffs in this case did not own the full sixty inches of water which they claimed, they did own fifty inches of water that flows in the defendant com-

pany's canal and had been for more than thirty years last past in possession of the same under claim of ownership and right which they used at all times when there was a shortage of water for the use of the plaintiffs' land and that the defendant at all times had full knowledge of such use and claim of ownership and had acquiesced therein.

Apparently the defendant relies upon our decision in *Evans v. Welch,* 29 Colo. 355, 68 Pac. 776. Counsel says, and correctly, that this case decides that possession, however long continued, if with permission of the true owner, will not operate to extinguish the title. We are unable, however, to see the pertinency of this declaration to any issue involved in the pending action. Plaintiffs' title here does not purport to rest upon a possession enjoyed by permission of the true owner; it rests upon long continued adverse use and possession under claim and color of right.

The court further found that the plaintiffs and their predecessors in title and interest had for a period of more than seven years prior to the acts of the defendant complained of in the plaintiffs' complaint, consisting of the wrongful locking by the defendant of the plaintiffs' headgate in June, 1928, been in actual, open, notorious, adverse and exclusive possession of sufficient of the waters at all times in the defendant's canal fully to irrigate the fifty acres of land now owned by them and had so used this water hostile to defendant and under claim and color of title made in good faith and during such time had paid all taxes legally assessed thereon. In short, the court found, upon what it deemed credible and satisfactory testimony and record evidence that the plaintiffs, under claim and color of title and right, had acquired by adverse use and possession as against the defendant, the right to use this water. Indeed, the testimony of one of the directors of the defendant company, Mr. McClelland, shows that the claim which the plaintiffs now make to the ownership and right to the use of

water as against the defendant company had been recognized and acknowledged by the company from time to time during a period of more than thirty years without any question as to the superior right of the plaintiffs to this water as against the defendant company, which by the way is merely a carrier of water for various of its stockholders and others having interest in such water.

At the close of the oral argument in this court our attention was called to our recent decision in 91 Colo. 563, 17 P. (2d) 301, entitled *Barrios v. Pleasant Valley and Lake Canal Company*. It has no pertinency to the question in the pending case. Barrios brought an injunction suit against the defendant company. He claimed ownership by purchase of certain irrigation water appropriated through and decreed to the defendant's ditch. He failed in his action in the district court and failed also in this court. The question decided there is not involved here. We affirmed the judgment of the trial court in favor of the Pleasant Valley Company and in the opinion said that since the findings of the lower court were general and all presumptions are in favor of the judgment, the Supreme Court must assume that the question involved there was resolved against the plaintiff in favor of the company and, therefore, we cannot interfere because the evidence before the trial court was in conflict. We also said in the Barrios case that where the main object of the suit is to try title, injunction is not the proper remedy. There is nothing whatever in the decision of the Barrios case that is inconsistent with our conclusion here.

The trial court in the case now before us found all the material issues for the plaintiffs upon evidence which was in conflict. We, therefore, cannot interfere with its judgment, which is affirmed.

Mr. Chief Justice Adams and Mr. Justice Moore concur.