No. 13,919.

MODRELL ET AL. *v.* CREWS.
(.. P. [2d] ..)

Decided April 26, 1937.   Rehearing denied May 17, 1937.

Mr. Jo A. FOWLER, for plaintiffs in error.

Mr. WALTER L. GRUTTER, for defendant in error.

*In Department.*

MR. JUSTICE BOUCK delivered the opinion of the court.

THE judgment before us for review purports to establish a perpetual right of way over certain land for ingress to and egress from a reservoir in Yuma county, but it assumes to do more. To some extent the judgment is entitled to be approved, but proper limitations must be set and the judgment itself accordingly modified.

The action is an injunction suit, brought to restrain the

defendants from interfering with the right of way in question.

Crews, as plaintiff, sued both Modrell, the owner of the land which Crews asked to have made subservient to an easement, and Modrell's lessee and mortgagee, Brown, as defendants, alleging that plaintiff is the owner both of land adjacent to Modrell's and of "a certain reservoir known and described as Rush Creek Reservoir No. 1" located on a certain forty-acre tract included within Modrell's land, and that the plaintiff "is the owner of and has an easement in and a right of way through, over, and across that portion of" said forty-acre tract of Modrell's "lying between the east line of [said tract] and the said Rush Creek Reservoir No. 1." The right of way granted is approximately 80 feet long and 16 feet wide. Plaintiff further alleges: "Said easement embraces the right to pass and repass on foot and with horses, wagons, and motor vehicles, for the purpose of repairing said reservoir, and using the waters impounded therein for irrigation purposes, fishing and hunting thereon, and cutting and removing ice from said reservoir and transporting same therefrom, of opening, closing, and adjusting the head-gate on said reservoir and of cleaning and repairing the ditch leading from said head-gate of said reservoir to the premises of the plaintiff hereinabove described and for all other purposes necessary, proper, and incidental to the use and enjoyment of the privileges and purposes hereinabove mentioned; that the plaintiff has no other feasible way to reach said reservoir, and that said way is necessary for the use and enjoyment of said reservoir and of the rights above mentioned." The complaint then charges that the defendants obstructed the alleged right of way by fastening the gate at the east end thereof with numerous wires, a chain, and a padlock.

Being a suit in equity, the case was tried to the court without a jury. The district court found the issues in favor of Crews, and ordered an injunction to issue as prayed.

The existence of the right of way as a necessary means of access to the plaintiff's reservoir for the purpose of repairing the latter and using the waters therein impounded for irrigation purposes is clearly proved, indeed it is admitted by the defendants. On the other hand, the plaintiff's claim of an easement and right of way beyond the purely irrigational purposes, namely, for purposes of fishing and hunting, and of cutting and removing ice from the reservoir, is sharply challenged. The existence of genuine doubt concerning these additional purposes seems supported not only by the plaintiff's own written admission (defendant's exhibit 1), but by the testimony of both sides. The record itself discloses that these disputed rights are not mentioned in any of the muniments of title upon which the parties rely.

In the absence of some emergency, which does not appear from the present record, an injunction suit cannot legitimately be used to determine title to property or property rights. *Barrios v. Pleasant Valley Co.*, 91 Colo. 563, 17 P. (2d) 301; 32 C. J. 122, sections 151 et seq.; 14 R. C. L. 355, section 58. Such controversies must usually be settled in ordinary actions at law. The dispute about rights of hunting and fishing, and of cutting and harvesting ice, does not enter here because of any present interference therewith and cannot be the subject of adjudication in the injunction suit now before us, for there is not the slightest contention that this particular phase of the case is causing irreparable or any other kind of damage. The matter must await disposition in some proper adjudication wherein legal rights can be established.

Defendants' contention that the district court erred in striking out their cross complaint is not sound. The subject of the action before us is the alleged illegal interference with a right of way. The transactions complained of in the cross complaint were based upon acts and omissions of the plaintiff alleged to have resulted in damage to the defendants' land. Those transactions have

418

nothing to do with the subject of this action. Code, '35 C. S. A., vol. 1, page 134, §63 (C. L. '21, page 114). The cross complaint was therefore properly stricken without prejudice to the bringing of a separate action.

The judgment must be reversed and the case will be remanded with directions to modify the findings and judgment so as to limit them to restraining the defendants from interfering with the plaintiff's right of way for irrigation purposes only, but reserving to the plaintiff the right of proceeding in an ordinary action to determine the respective rights and liabilities under the disputed claims relative to fishing and hunting, and to cutting and harvesting ice, as he may be advised.

Judgment reversed with directions.

MR. CHIEF JUSTICE BURKE and MR. JUSTICE YOUNG concur.