## No. 14,170.

YOUNG *v.* COREY ET AL.

(73 P. [2d] 1384)

Decided November 22, 1937.

Mr. L. C. KINIKIN, for plaintiff in error.

Messrs. MOYNIHAN-HUGHES, for defendants in error.

*In Department.*

MR. CHIEF JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and are hereinafter referred to as there.

Plaintiffs alleged that defendant had interfered with their irrigation rights and prayed injunction and damages. Defendant admitted plaintiffs' title but otherwise denied. He furthermore pleaded his own interests and rights, alleged that plaintiffs had interfered therewith, demurred generally to the complaint, and prayed injunction and damages. Plaintiffs replied, alleging, inter alia, a district court decree which foreclosed certain of defendant's claims. Defendant moved to strike, as a departure, that portion of the reply pleading the judgment, and demurred "on the ground of departure." Motion and demurrers were overruled and on trial to the court a general finding for plaintiffs was followed by permanent injunction and an award of $50 damages. To review that judgment defendant prosecutes this writ.

The five assignments challenge the correctness of the rulings on motion and demurrers and the sufficiency of the evidence to support the judgment.

1. That the complaint states a cause of action there can be no question. Argument to the contrary is based upon the fact that the primary trespass complained of occurred before plaintiffs acquired title. But since it further appears that the trespass was in fact and of necessity a continuing one the contention is without merit. It is further insisted that property rights were involved, and adjudicated herein contrary to *Modrell v. Crews,* 100 Colo. 415, 417, 67 P. (2d) 1036, and that the point was properly raised by general demurrer. Assum-

ing that the objection were otherwise well taken and is raised by the record, both of which we gravely doubt, the point was waived by reason of the fact that both parties prayed identical relief.

2. There was no departure. Since it first appeared by answer that defendant claimed through interests presumably foreclosed by the decree in question no occasion to invoke it appeared prior to reply, and it was, of course, proper there. On the trial counsel for plaintiffs simply called the court's attention to that decree, read a part of it and asked that judicial notice be taken of it. Failure to otherwise formally introduce it in evidence is called to our attention, and *Schattinger v. Schattinger,* 73 Colo. 573, 575, 216 Pac. 1057 is cited to show that this was error. But in view of the fact that the judgment in question was in the same court, and had been pleaded, that authority is not in point. Moreover, the abstract discloses no objection to this method of offering the judgment and no evidence that the court gave it any consideration.

3. The only remaining question is the sufficiency of the evidence. No good purpose could be served by abstracting it here. The most that can possibly be said on the point in favor of defendant is that it is in conflict. Under the well established rule we are accordingly powerless to interfere with the trial court's finding on this ground.

The judgment is affirmed.

Mr. Justice Hilliard, Mr. Justice Bakke and Mr. Justice Holland concur.