## No. 14,659.

BLANCHARD ET AL. *v.* HOLLAND ET AL.
(103 P. [2d] 18)

Decided April 15, 1940.   Rehearing denied June 3, 1940.

Mr. ALLYN COLE, for plaintiffs in error.

Mr. Frank Delaney, Mr. Wm. Atha Mason, for defendants in error.

*In Department.*

Mr. Justice Young delivered the opinion of the court.

The appearances in this court are in the same order as in the district court, and for convenience the parties are herein designated as plaintiffs and defendants.

Plaintiffs brought suit for an injunction to protect their right to the use of sufficient water to irrigate approximately five acres of land owned by them, and to acquire an easement for a ditch to convey the same across defendants' land. A temporary injunction was granted, but on final hearing to determine the propriety of permanent injunctive relief the court, at the close of plaintiffs' testimony and on motion of defendant for a nonsuit, denied such relief and dismissed plaintiffs' complaint. Plaintiffs seek a reversal of that judgment.

In their complaint plaintiffs allege that they are the owners of a five acre tract of land, which they describe by metes and bounds, "together with easement and rights of way for an irrigation ditch through and across lands to the south thereof, belonging to the defendant Hattie Holland, connecting with the main canal of the Carbondale ditch, as the said ditches and laterals are now constructed, with the right to run water through said ditches and laterals from the said Carbondale canal, together with any amount of water from said Carbondale canal or ditch, necessary for use by the plaintiffs herein upon the lands owned by them, above described"; that .5 of a cubic foot of water per second of time from said Carbondale canal is necessary for use upon said lands and that this amount of water is owned by plaintiffs; that they are entitled to the use of said lateral ditch, water, and water rights for the irrigation of their said lands and for domestic purposes; that without right

the defendants have shut off the water and interfered with such use and appropriated said water to their own use and benefit and threaten so to continue and thus deprive plaintiffs of the beneficial use of said easement and water to their great and irreparable damage; that plaintiffs use the said land as irrigated pasture; that they have growing thereon blue grass, clovers, and other domestic grasses requiring irrigation for their production; that an immediate necessity exists for injunctive relief to prevent the drying up and loss of said pastures and damages to plaintiffs which are incapable of calculation; and that they have no plain, speedy, or adequate remedy at law. They asked for a temporary restraining order and injunction to prevent the alleged wrongful interference with their ditch and irrigation rights and that upon final hearing the temporary injunction be made permanent. Plaintiffs further prayed that if the defendants made claim to any right, title, or interest in or to said laterals, ditches, easements, water, or water rights, or any thereof, that the court adjudge such claims to be without foundation or right and that title thereto be quieted in plaintiffs, and for such other and further relief as the court might deem proper in the premises.

Defendants for their answer interposed a general denial and separate defenses based on the twenty-year statute of limitations, the seven-year statute of limitations, and the eighteen-year statute of limitations; and later they filed a supplemental defense in which it was set forth specifically that the defendant Hattie Holland was the owner of all the ditch laterals and waters from the Carbondale canal described in plaintiffs' complaint. All new matter in the answer was denied by plaintiffs in their replication.

The evidence discloses that originally all of the lands owned by plaintiffs and defendant Hattie Holland (defendant Pete Bianco being her tenant) had belonged to Max Gerstle; that in the warranty deed by which plaintiffs' lands were conveyed by Max Gerstle to W. W.

Voris following the description of the lands appeared the following: "Together with the full and complete right to run a lateral water ditch through and across lands owned by said Max Gerstle, said lateral ditch to connect with a larger ditch running through lands owned by Oscar Holland, adjoining lands of Max Gerstle on the south said lateral ditch to run thence in a northern direction, connecting with the above described lands of W. W. Voris at or near the cabin house now occupied by said Voris, together with all rights, privileges and immunities to run water through said lateral ditch to the above described parcel of land at any and all times, when said W. W. Voris or his representatives or assigns may so desire *with any amount of water necessary for use on said land"*; that in subsequent deeds of conveyance the water and ditch rights conveyed were described in the same language as that quoted from the deed from Gerstle to Voris; that in later conveyances in the chain of plaintiffs' title the rights conveyed were described as: "And any and all water rights connected therewith or appertaining thereto"; that in the deed from plaintiffs' immediate grantor the land in question was conveyed "together with all ditch and ditch rights and water and water rights connected therewith or appertaining thereto." It appears further from the evidence that when plaintiffs purchased the land it was irrigated land; that prior to their purchase they had leased and used the place for pasture; that it was irrigated and has been irrigated at all times by water from the Carbondale ditch; that from 1933 when plaintiffs first used the land to 1938, when they received a notice from defendants forbidding further use of water through any ditch over their land, the water used had all come from the Carbondale ditch, but had been applied through various laterals and ditches; that there were remains of the foundation of a building indicating where the old Voris cabin mentioned in the original deed from Gerstle to Voris had been located; that there were evidences of a

continuation onto plaintiffs' land at a point near the cabin site of a lateral ditch which follows a hogback across defendants' land extending in a northerly direction up to the land of plaintiffs; that plaintiff cleaned out this ditch in 1938 and began using water through it. It also appears from the evidence that plaintiffs had never performed any work on, or contributed anything toward the maintenance of, the Carbondale ditch and that they had never been asked so to do; that during one year plaintiffs had paid the town of Carbondale for certain water which they had used in irrigating their said land; and that the lateral that extends along the hogback across defendants' land and enters plaintiffs' land at the point near the old Voris cabin is the only lateral from which water can be applied to plaintiffs' land and irrigate the whole thereof.

With evidence proving or tending to prove the facts substantially as stated plaintiffs rested and defendants moved for a nonsuit on the ground that the evidence was wholly insufficient to entitle the plaintiffs to any relief, legal or equitable, and for the additional reason that it appeared that the only purpose of the proceedings was to obtain a permanent injunction designed to settle and adjudicate a title which is in dispute and not free from doubt since the rights and property sought to be protected by injunction were in good faith claimed by others.

The trial court was of the opinion that it was necessary to determine the extent of plaintiffs' right to water and the location of the right of way; that such rights could not be determined in an injunction suit; and therefore no injunctive relief could be granted. Plaintiffs then asked the privilege of reopening their case to submit testimony showing the use of the water through the lateral entering the place near the old Voris cabin described in the deed from Gerstle to Voris; that this lateral was the only one feasible for use in the irrigation of all of plaintiffs' land; that from time to time for many

years it had been used for the irrigation of the land; and that the land while owned by plaintiffs and their predecessors in interest, exceeding a period of twenty years, had been assessed as irrigated land and taxes paid thereon as such. The court expressed the view that even though such testimony were introduced, it would still leave the extent of the plaintiffs' water right and the location of the right of way uncertain, and for this reason no injunctive relief could be granted. The court's action in sustaining the motion for nonsuit and dismissing the complaint is assigned as error. Other assignments are presented which we deem it unnecessary to consider in view of our holding as to the assignment based on the sustaining of the motion.

It appears that no motion for a new trial was filed and no order entered dispensing with the necessity of filing such a motion. Defendants contend that for this reason plaintiffs are not entitled to have the judgment of the district court reviewed on error. We are of the opinion that the assignment of error based on the sustaining of the motion for nonsuit involves solely a question of law and that in order to have the judgment based upon that ruling reviewed it was neither necessary to file a motion for a new trial, nor to secure an order dispensing with such a motion. The purport and effect of our decisions is that such a case is an exception to our Rule 8. *Chemical Bank and Trust Company v. National Mortgage and Discount Corporation,* 94 Colo. 63, 28 P. (2d) 812; *Ahart v. Sutton,* 79 Colo. 145, 244 Pac. 306; *Steere v. McComb,* 71 Colo. 190, 205 Pac. 526; *Armstrong v. Gresham,* 70 Colo. 502, 202 Pac. 706; *Fincher v. Bosworth & Co.,* 76 Colo. 69, 230 Pac. 596. We are of the opinion also that the complaint and evidence introduced and tendered made out a prima facie case entitling plaintiffs to injunctive relief. It was error, therefore, for the court to sustain the motion for a nonsuit and to enter judgment dismissing the complaint. The trial court viewed the case as one in which injunctive

relief could not be granted because of the involved necessity of an adjudication of property rights in water and an easement to convey whatever might be so adjudicated to plaintiffs. The court correctly announced a general proposition of law. His further announcement, in support of which he cited 32 C.J. 35, that injunctive relief should not be granted except in a clear case and to prevent irreparable damage is also a correct general statement of the law. We recognized these legal principles in *Barrios v. Pleasant Valley & Lake Canal Co.*, 91 Colo. 563, 17 P. (2d) 301, which case the trial court cited as authority for his ruling. The Barrios case, we think, is distinguishable on its facts. It is therein specifically pointed out that there was no evidence of any title to the water by purchase or of any contract right to the water. Plaintiff there asserted a right to water based on twenty years adverse possession and user. Furthermore, there was a trial on the merits; both sides introduced evidence which was conflicting, and since the trial court's findings were generally for the defendant it was assumed in the opinion, and properly so, that the plaintiff had not established any right. The plaintiff was there seeking, in the words of the opinion, "to adjudicate an alleged right based upon a doubtful and disputed title," which is not the province of injunction. In the case at bar an easement for carriage of water over the land of the common grantor of plaintiffs and defendants, Gerstle, was granted by the conveyance that carved plaintiffs' lands out of a larger tract and conveyed the smaller parcel "with any amount of water necessary for use on said lands." By a clearly established chain of title plaintiffs are now the owners of the water and ditch rights conveyed by the Gerstle deed to their remote grantor, Voris. It is defendants not plaintiffs—as in the Barrios case—who claim ownership of the water by adverse possession and user under various statutes of limitation. Where, as here, a landowner discloses by his evidence a record ownership of water

"necessary for use on said land," and by evidence, received and offered, a user thereof by himself and predecessors in title under such original conveyance is shown, it would be a strange situation if defendants by a mere assertion of ownership, or of plaintiffs' loss of ownership by virtue of statutes of limitation, could prevent the latter from proving their rights by testimony and having their existence determined for the purpose of securing the protection of injunctive relief. In equity that which can be made certain should be so considered. The amount of water requisite to irrigate plaintiffs' land is susceptible of being determined, and the location of the right of way also may be fixed with reasonable certainty. Defendants, if they established their defenses, which here they were not required to do, might defeat plaintiffs' prayer for injunctive relief, but, until they do, plaintiffs have made out a prima facie case. In so holding we do not depart from the rule we have heretofore announced that title to water and rights to its use may not be established between the parties where the action is solely for injunctive relief and the rights are not clear or certain. We think the evidence clearly shows that plaintiffs have ditch easements for conveying water to irrigate their land, and independent of any statute, equity has jurisdiction to protect easements clearly shown to exist.

The instant case is analogous to one phase of *Gutheil Park Inv. Co. v. Montclair*, 32 Colo. 420, 76 Pac. 1050. The writer of the opinion in that case was the late Justice Campbell. The complaint contained two causes of action; but we here notice only one, the object of which was to quiet plaintiff's title to a water right, ownership and possession of which were alleged. The opinion is in part as follows: "The subject matter of the controversy is a water right for irrigation purposes. The action is equitable in its nature. The complaint has some of the characteristics of a bill to quiet title, and some of the features of a suit to prevent a disturbance or ob-

struction of a right to use the water for irrigation and to require a transfer of its place of use. * * * At the close of plaintiff's case defendant, declining to introduce any evidence, made a motion for a nonsuit, which was granted by the court, upon the grounds, as stated in its opinion, that the proof did not show that plaintiff was in possession of the water right at the time of the beginning of the action, and that plaintiff took nothing by its deed purporting to convey the same. From the judgment the plaintiff prosecutes this appeal. It seems that the district judge who heard the demurrer believed that plaintiff was entitled to equitable relief upon the facts set up, though the subject matter of the action was an incorporeal water right. A different judge presided at the trial, and he was inclined to the opinion that the action was brought under section 255 of the code, which empowers one in possession of real property to bring in a party who asserts a hostile title, and require him to set it up, so that the title may be determined. It was his opinion, therefore, because one cannot be in actual physical possession of a mere easement, which a water right is, an action to quiet title thereto does not lie. * * * At the common law the general rule was that ejectment did not lie in favor of a party to try his right to enjoy an easement. The remedy was in case for damages, or by a suit in equity to prevent interference with its enjoyment. Where a plaintiff is out of possession of real property and there is some other distinct head of equity jurisdiction sufficient to support the action, equity will retain the cause and grant relief by quieting title or removing a cloud. The authorities are collected in 17 Enc. Pl. & Pr. 309. Applying that principle here, we say that, though the ordinary allegations found in a bill to quiet title are in this complaint, there are also allegations that the defendant has interfered with, and obstructed, the plaintiff in its enjoyment of the right to the use of water for purposes of irrigation. That a court of equity, independent of the statute, has jurisdiction

to restrain interference with a water right, seems well settled. Hence, under this doctrine, the court, having acquired jurisdiction to restrain interference with plaintiff's use of water, might properly retain jurisdiction and determine all the rights of the parties, even though plaintiff is not in actual possession; because, as we have already indicated, the controversy between the parties is one of which equity has jurisdiction independent of statute."

The case of *Modrell v. Crews,* 100 Colo. 415, 67 P. (2d) 1036, cited by both parties, is not particularly helpful here. The easement there involved, a way of necessity for the care and maintenance of an irrigation reservoir, was admitted by defendants. Interference with its use was enjoined. In denying injunctive protection to alleged easements, utilized for the purposes of hunting, fishing, and cutting ice, we cited with approval *Barrios v. Pleasant Valley & Lake Canal Co., supra,* and with reference to such alleged rights we used the following language: "In the absence of some emergency, which does not appear from the present record, an injunction suit cannot legitimately be used to determine title to property or property rights." There was no mention of any rights of fishing, hunting, or cutting ice in the muniments of title upon which plaintiff in that case relied, nor, as is pointed out in the opinion, was there a present interference with such alleged rights or any irreparable or other damage shown to have been caused by interference therewith. In these respects the case was markedly different from the one here under consideration, where the water right and ditch right are both mentioned in the muniments of title, and facts showing irreparable damage are alleged and proved. We think it would extend the rule too far to hold that only admitted or judicially established rights may be protected from interference by injunction. Where a right of easement is clear and certain, even though testimony may be required to show its extent or location, as of a right of

way, we think it is proper to determine these things as an incident to the granting of injunctive relief. To hold otherwise would be to lay down a rule permitting the defendant in any action instituted for the protection of an easement — no matter how formally and certainly granted and even though exercised for many years — to deny its existence, extent, or location, and throw upon plaintiff the burden of having these matters judicially ascertained in another suit, which could be no more appropriate for that purpose than the pending action, before injunctive protection could be afforded. This would create, rather than prevent, a multiplicity of suits.

The judgment is reversed and the cause remanded for retrial.

MR. JUSTICE FRANCIS E. BOUCK and MR. JUSTICE KNOUS concur.