## No. 14,638.

RONCE ET AL. *v.* FAVRE ET AL.

(103 P. [2d] 26)

Decided May 20, 1940. Rehearing denied June 10, 1940.

Mr. ALLYN COLE, Mr. HUME S. WHITE, for plaintiffs in error.

Mr. FRANK DELANEY, for defendants in error.

*In Department.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appear here in the same order as in the trial court and are hereinafter referred to as there.

Plaintiffs, claiming the right to the use, for domestic purposes, of "two statutory inches of water" arising from springs on defendants' lands, sought to lay a pipe-line for the conveyance thereof. The course of this line

was across lands of defendants to a highway (which also crossed defendants' lands and to the use of which for such purpose they claimed a right by virtue of a license from the county commissioners), thence along said highway to a point where the line branched to plaintiffs' several residences. Defendants forcibly excluded them whereupon they brought injunction. The defenses included, inter alia, denial of plaintiffs' ownership of the water and the right of way, denial of the county board's right to issue the license, allegations of defendants' title by adverse possession and by virtue of being innocent purchasers for value; also laches, abandonment, and certain statutes of limitation. By way of counterclaim defendants sought to quiet their title against plaintiffs' claims. Trial was to the court which held the evidence insufficient to support either the writ or counterclaim and dismissed the action at plaintiffs' costs. To review that judgment the latter brings error.

It is insisted that the six assignments are so general as to be ineffective. This may be true of all but one. The third however squarely presents the question of the sufficiency of the evidence and nothing further is here essential.

■ If unobstructed, the water in question would flow into Blue Creek from which defendants, through the Harris Ditch, irrigate a portion of their lands. From Blue Creek this water flows into the Roaring Fork. The highway in question has become such by prescription. We find no occasion to here follow in detail the ramifications of plaintiffs' alleged claim of title, the doubtful and equivocal grants therein, to decide where the alleged right of way, if it exists, is located, to resolve the numerous and technical defenses, to decide whether plaintiffs have title, and if so to what, or whether the commissioners could grant the alleged easement, or if not who could, and if anyone could whether they have, or are estopped. All these questions are presented by the record, are heretofore unadjudicated, and are in-

volved in grave doubt. It is well settled in this jurisdiction that the adjudication of such mooted claims and their protection is not the function of injunction. *Barrios v. Pleasant Valley Co.*, 91 Colo. 563, 17 P. (2d) 1119; *French v. Mitchell*, 92 Colo. 532, 22 P. (2d) 644; *Modrell v. Crews*, 100 Colo. 415, 67 P. (2d) 1036.

The judgment is accordingly affirmed.

MR. JUSTICE KNOUS and MR. JUSTICE OTTO BOCK concur.